**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

Case No. 5:25-cv-01216

**CHRISTIAN GONZALEZ,**
*individually and on behalf of all those similarly situated,*

**Plaintiff,**

v.

**INDEBTED USA INC.,**

**Defendant.**

______________________________________/

## CLASS ACTION COMPLAINT

Plaintiff Christian Gonzalez ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Indebted Usa Inc. **("**Defendant") for violating the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C § 1331, as Plaintiff is suing Defendant for violations of the FDCPA, a federal statute.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Bexar County, Texas.

3. Venue of this action is proper in this Court because the cause of action alleged below arose in Bexar County, Texas.



**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (754) 444-7539 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Texas, residing in Bexar County, Texas.

5. Defendant is a Missouri corporation, with its principal place of business located in O'Fallon, Missouri.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

7. On a about July 12, 2025, Defendant began attempting to collect an alleged debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly due and owed by an individual named "Lashaun" (and not Plaintiff) to pay money arising from a transaction between the creditor of the Consumer Debt and the individual named "Lashaun" (the "Subject Service").

9. Upon information and belief, the Subject Service was primarily for personal, family, or household purposes.

10. Defendants regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (754) 444-7539 | Fax (855) 529-9540
www.JibraelLaw.com

14. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1). Further, "[i]n the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location." *Id.*

## THE COMMUNICATION

15. On or about June 12, 2025, Defendant sent a text message communication to Plaintiff (the "Text Message Communication").

16. Attached as Exhibit "A" is a copy of the Text Message Communication.

17. Plaintiff does not owe the alleged debt referenced in the Text Message Communication. Indeed, the Text Message Communication attempts to collect a debt from an unknown individual named "Lashaun."

18. The Text Message Communication was a communication in connection with the collection of the Consumer Debt.

19. The Text Message Communication was sent from Defendant and delivered to Plaintiff's personal phone number.

20. The Text Message Communication advised: "Hi Lashaun, InDebted here. We're a debt collector working with Affirm US to help resolve your account. . . . Please note this is regarding your Affirm, Inc. [] account."


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (754) 444-7539 | Fax (855) 529-9540
www.JibraelLaw.com

21. The Communication was sent by Defendant to Plaintiff at 2:12 AM in Plaintiff's zone.

22. The Communication was received by Plaintiff from Defendant at 2:12 AM in Plaintiff's zone.

## CLASS ALLEGATIONS

### PROPOSED CLASS

23. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action.

24. The "Class" that Plaintiff seeks to represent consists of: [1] all persons within the United States [2] that Defendant or someone on Defendant's behalf [3] sent an electronic communication to [4] between 9:00 PM and 8:00 AM [5] in connection with the collection of a consumer debt.

25. Defendant and its employees or agents are excluded from the Class.

26. Plaintiff does not know the number of members in the Class but believes the members of the Class number in the several thousands, if not more.

### NUMEROSITY

27. The exact number and identities of the members of the Class are unknown at this time and can be ascertained only through discovery. Identification of the members of the Class is a matter capable of ministerial determination from Defendant's text message records.

### COMMON QUESTIONS OF LAW AND FACT

28. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: **[1]** Whether Defendant sent an electronic


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (754) 444-7539 | Fax (855) 529-9540
www.JibraelLaw.com

communication to Plaintiff and members of the Class in connection with the collection of a consumer debt; **[2]** Whether Defendant sent such communication(s) between 9:00 PM and 8:00 AM; and **[3]** Whether Defendant should be enjoined from such conduct in the future.

29. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends electronic communications that violate 15 U.S.C. § 1692c(a)(1) is accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

30. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

31. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

32. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.



**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (754) 444-7539 | Fax (855) 529-9540
www.JibraelLaw.com

33. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)(1)**

34. Plaintiff, individually and on behalf of the Class, incorporates by reference ¶¶ 1-33 of this Class Action Complaint.

35. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1). Further, "[i]n the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location." *Id.*

36. As set forth above, Defendant sent the Text Message Communication to Plaintiff in connection with the collection of the Consumer Debt. *See* Exhibit A. The Text Message Communication was sent to Plaintiff between the hours of 9:00 PM and 8:00 AM in the time zone of Plaintiff. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM. As such, by and through the Text Message Communication, Defendant violated Section 1692c(a)(1) of the FDCPA.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (754) 444-7539 | Fax (855) 529-9540
www.JibraelLaw.com

37. Defendant's text messages caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

38. **WHEREFORE**, Plaintiff, individually and on behalf of the Class, requests relief and judgment as follows:

a. An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b. A declaration that Defendant's conduct and/or practices described herein violate 15 U.S.C. § 1692c(a)(1);

c. Award Plaintiff and members of the Class statutory damages pursuant to 15 U.S.C. § 1692k;

d. Enjoin Defendant from future violations of 15 U.S.C. § 1692c(a)(1) with respect to Plaintiff and the Class;

e. Award Plaintiff and members of the Class reasonable attorneys' fees and costs, including expert fees, pursuant to 15 U.S.C. § 1692k; and

f. Any other relief that this Court deems appropriate under the circumstances.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e

39. Plaintiff, individually and on behalf of the Class, incorporates by reference ¶¶ 1-33 of this Class Action Complaint.

40. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of Section1692e set forth a non-exhaustive list of practices that fall within its ambit, including, but not limited to: "[t]he false representation of the character, amount, or legal


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (754) 444-7539 | Fax (855) 529-9540
www.JibraelLaw.com

status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.*

41. As set forth above, the Collection Text Message sent by Defendant was an attempt to collect an alleged debt from Plaintiff that Plaintiff did not owe. Indeed, the Text Message Communication attempts to collect a debt from an unknown individual named "Lashaun."

42. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant made a false representation of character, amount, or legal status of the Consumer Debt.

43. By attempting to collect on an alleged debt that was not owed by Plaintiff, Defendant used a false representation and/or deceptive means to collect the Consumer Debt.

44. Accordingly, Defendant violated multiple subsections of 15 U.S.C. § 1692e by and through the Text Message Communication sent to Plaintiff.

45. The Text Message Communication caused Plaintiff harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

*46.* WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

a. A declaration that Defendant's conduct and/or practices described herein violate 15 U.S.C. § 1692e;

b. Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k;

c. Enjoin Defendant from future violations of 15 U.S.C. § 1692e with respect to Plaintiff;

d. Award Plaintiff reasonable attorneys' fees and costs, including expert fees, pursuant to 15 U.S.C. § 1692k; and



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (754) 444-7539 | Fax (855) 529-9540
www.JibraelLaw.com

e. Any other relief that this Court deems appropriate under the circumstances.

Dated: September 27, 2025

Respectfully Submitted,

/s/ Zane C. Hedaya
**ZANE C. HEDAYA, ESQ.**
Texas Bar No.: 24134450
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*